**DICKINSON WRIGHT PLLC**
Steven A. Caloiaro, Bar No. 284410
scaloiaro@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel: (775) 343-7500
Fax: (844) 670-6009

John S. Artz, *pro hac vice*
Email: JSArtz@dickinsonwright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48107
Tel: (734) 623-7075
Fax: (844) 670-6009

*Attorneys for Defendants Bestway (USA) Inc. and Bestway Inflatables and Material Corporation*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Tarifa B. Laddon (SBN 240419)
1800 Century Park East, Suite 1500
Los Angeles, CA  90067
Telephone:  310-203-4000
Fax: 310-229-1285
Email: tarifa.laddon@faegredrinker.com

R. Trevor Carter (*pro hac vice*)
Andrew M. McCoy (*pro hac vice*)
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
Telephone:  317-237-0300
Fax: 317-237-1000
Email: trevor.carter@faegredrinker.com
          andrew.mccoy@faegredrinker.com

*Attorneys for Plaintiffs,
Intex Recreation Corp. and
Intex Marketing Ltd.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE: INTEX RECREATION CORP, et al. | Lead Case No.: 2:16-cv-3300-JAK-E |
| INTEX RECREATION CORP., Plaintiffs, v. BESTWAY (USA) INC., et al., Defendants. | Consolidated Case No.: 2:16-cv-3950-JAK-E  **JOINT STATUS REPORT AND JOINT STIPULATION TO ALTER CASE SCHEDULE, VACATE MEDIATION DATE, AND VACATE JURY TRIAL AND PRE-TRIAL DEADLINES** |
| AND RELATED COUNTERCLAIM. | |

Intex Recreation Corp. ("IRC") and Bestway (USA), Inc., et al. ("Bestway") (collectively, the parties), by their respective counsel, submit this Joint Status Report pursuant to the Court's instruction at the February 6, 2025 Status Conference. Further, the parties respectfully stipulate and jointly move the Court to modify the scheduling order to vacate the currently scheduled jury trial and alter the current case schedule. In support thereof, the parties state the following:

1. The parties have met and conferred regarding the parties' and their respective witnesses' availability for the Evidentiary Hearing on PGR Estoppel.

2. Based on the parties' discussions, the parties have determined that the first available window of availability for both parties—as well as all fact and expert witnesses the parties plan to call during the Evidentiary Hearing—is the week of May 19, 2025 through May 23, 2025.

3. Consequently, the parties jointly propose and move the Court to modify the scheduling order and set the Evidentiary Hearing to occur during the week of May 19, 2025 through May 23, 2025. If the week of May 19, 2025 through May 23, 2025 does not work for the Court's schedule, the parties jointly request that the Court propose available dates after May 23, 2025 wherein the Evidentiary Hearing could be conducted. The parties will then work diligently together, along with input from their fact and expert witnesses, to determine if any of the Court-provided dates are amenable for conducting the Evidentiary Hearing.

4. The parties also met and conferred regarding the length of the Evidentiary Hearing. While the Court had previously ordered the hearing to take one day for six hours with each side getting three hours to cross-examination and redirect witnesses (See ECF No. 361, p. 49:18-50:7), Intex has requested, in view of the testimony and evidence the parties anticipate covering during the Evidentiary

Hearing, to increase the allotted time. The parties have agreed to jointly request the Evidentiary Hearing be set for one day and no more than seven (7) hours where each side will have a maximum of 3:30 to conduct both cross examination and redirect.

5. The parties also met and conferred regarding the currently scheduled mediation deadline of March 31, 2025. (*See* ECF 580.) In view of the (proposed) alterations in the case schedule related to the Evidentiary Hearing noted above, the parties jointly request that the scheduled mediation set for March 24, 2025 be postponed until after the Evidentiary Hearing on PGR estoppel but prior to any subsequent jury trial. The parties believe that once the Evidentiary Hearing is complete and the Court's determinations are provided, the parties will be in a better position to have a meaningful mediation. The parties are working diligently with their mediator (Judge Guilford) to confirm new dates for a mediation.

6. Finally, the parties also met and conferred regarding the jury trial currently scheduled for June 3, 2025. In view of the (proposed) alterations in the case schedule related to the Evidentiary Hearing, the parties jointly request that the Court vacate the jury trial currently scheduled to begin June 3, 2025, and vacate the Final Pre-trial Conference currently scheduled for May 12, 2025, to allow for the Evidentiary Hearing to be held during the week of May 19, 2025 through May 23, 2025, as proposed above. The parties further seek an order vacating the current pre-trial deadlines relating to the jury trial (*see* ECF 580) to be re-set at a later date. The parties believe that, in view of determinations to be made during the Evidentiary Hearing, evidence and arguments related to a subsequent jury trial (*e.g.*, evidence related to invalidity) may be altered, streamlined, and/or unnecessary to address for the remaining issues in the case, and altering the current trial/pre-trial schedule as requested will conserve judicial and party resources by allowing the parties to better

tailor their pre-trial filings to address the specific issues that will be moving forward to the jury. The parties are diligently working together, along with input from their fact and expert witnesses, to find dates to propose to the Court for the jury trial to occur. The parties are also working diligently to propose dates for all requisite pre-trial deadlines related to the jury trial.

    NOW, THEREFORE, by and through their respective counsel, the parties hereby stipulate and agree, and respectfully request entry of an Order setting case deadlines as proposed above and in the accompanying proposed order.

Dated: February 7, 2025  **FAEGRE DRINKER BIDDLE & REATH LLP**

    By:   */s/ Andrew M. McCoy*
           Andrew M. McCoy
           Attorney for Plaintiffs

Dated: February 7, 2025  **DICKINSON WRIGHT PLLC**

    By:   */s/ Steven A. Caloiaro*
           Steven A. Caloiaro
           Attorney for Defendants

## ATTESTATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized the filing.

Dated: February 7, 2025     */s/ Andrew M. McCoy*